Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LUIS HERIBERTO VEGA LOZADA<br><br>Apelada<br><br>v.<br><br>MARÍA COLÓN; JOHN DOE<br><br>Apelante | KLAN202401014 | Apelación Procedente del Tribunal de Primera Instancia, Sala de HUMACAO<br><br>Caso Núm.: YB2024CV00112<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de noviembre de 2024.

El 12 de noviembre de 2024, la Sra. María Colón (en adelante la señora Colón o la parte apelante) compareció ante este Tribunal de Apelaciones mediante escrito titulado *Legajo de Apelación*. En este, nos solicita la revocación de la *Sentencia* emitida en el pleito de epígrafe por el Tribunal de Primera Instancia, Sala de Humacao (en adelante, TPI o foro primario) con fecha del 9 de octubre de 2024, notificada el día 11 del mismo mes y año.

Al día siguiente, el señor Lozada sometió *Moción en Solicitud de Desestimación al Amparo de la Regla 84 (B)(1) del Reglamento del Tribunal de Apelaciones*. Evaluado este escrito, así como el expediente judicial, debemos desestimar el recurso de epígrafe por falta de jurisdicción pues el mismo fue presentado tardíamente.

**-I-**

El 30 de abril del año en curso, el señor Lozada instó *Demanda* de desahucio en precario contra la apelante. El 3 de mayo del mismo año, el TPI expidió *Emplazamiento-Citación* para Juicio en su Fondo a celebrarse por videoconferencia el 9 de mayo de 2024. El 7 de mayo de 2024, la apelante

Número Identificador

SEN2024 _____

contestó la demanda, reconvención y demanda contra tercero. Allí, en síntesis, alegó tener un acuerdo verbal con su primo, el tercero demandado, para adquirir la propiedad en cuestión, que en virtud del mismo invirtió $26,000 en reparaciones; que el señor Lozada con pleno conocimiento del acuerdo y mediando dolo adquirió maliciosamente de su primo la propiedad.[1] Ese día, también presentó *Moción de Conversión* en la que, tal cual anuncia su título, peticionó la conversión del caso a uno de naturaleza ordinaria. Llegado el día de la audiencia señalada, el tribunal escuchó a las partes sobre sus respectivas argumentaciones. También atendió los planteamientos levantados en contra de la conversión y dio oportunidad al apelado para someter por escrito su objeción a la conversión.

El 15 de mayo de 2024, el señor Lozada sometió *Oposición a Solicitud de Conver[s]ión a Procedimiento Ordinario*. El 30 de agosto de 2024, el foro primario señaló vista evidenciaria sobre la solicitud de conversión para el 17 de septiembre de este año. Habiéndose celebrado esta, el 9 de octubre de 2024, el TPI dictó la *Sentencia* apelada. Esta fue notificada el día 11. Allí, primeramente atendió la solicitud de conversión de la apelante y, por las razones allí dadas, se negó a convertir el procedimiento a uno ordinario. Además, declaró Ha Lugar la *Demanda* y concedió 30 días a la señora Colón para el desalojo de la propiedad y la remoción de sus pertenencias.

En desacuerdo con lo allí resuelto, el 12 de noviembre de 2024, la apelante instó el recurso de epígrafe y reclamó la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia, Sala de Humacao, por conducto de la Jueza, al emitir Sentencia declarando, entre otras cosas, con lugar la Demanda de Desahucio en Precario radicada por

---

[1] Advertimos que, en cuanto a la reconvención y la demanda contra terceros, tras celebrar la correspondiente audiencia el foro primario determinó que la prueba traída ante su consideración no demostró la existencia de un contrato o acuerdo que le confiera a la apelante algún remedio que justificara la conversión del procedimiento sumario en uno de naturaleza ordinaria. Así pues, y debido a que en atención a la naturaleza sumaria del procedimiento de desahucio el único pronunciamiento que debe hacerse en la sentencia es si se puede o no ordenar el desalojo, el TPI resolvió que tales reclamos debían y podían atenderse por la vía ordinaria a través de un reclamo independiente en contra del anterior dueño.

la parte apelada y denegando nuestra solicitud de conversión para tener la oportunidad de investigar, a plenitud, todo lo ocurrido entre el primo de la apelante y el apelado para adquirir la propiedad luego de la apelante invertir $26,000.00 en reparaciones y renovaciones que realizó en base al acuerdo que tuvo con su primo sobre la compraventa de la propiedad.

Como ya dijimos, el 13 de noviembre de 2024, el señor Lozada solicitó la desestimación del recurso. Al hacerlo, expuso que el Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA Sec. 2831, establece el término jurisdiccional de 5 días para apelar las sentencias dictadas en un proceso sobre desahucio en precario, por lo que al momento en que se sometió el recurso, dicho plazo había vencido. Tiene razón.

El antes citado Artículo lee de la siguiente manera:

Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

Un estudio del legajo apelativo revela que la *Sentencia* apelada fue notificada el 11 de octubre de 2024. Es a partir de esta fecha que comenzó a decursar el término jurisdiccional de quince días para presentar la apelación, el cual vencía el **18 de octubre de 2024.** Sin embargo, no fue hasta el 12 de noviembre de este año que se acudió ante este Tribunal. A esa fecha, el plazo para instar la apelación había expirado, por lo que carecemos de jurisdicción para atender el recurso de la apelante.

**-II-**

Por los fundamentos antes desglosados, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones